In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00630-CR
____________

JEFFREY SCOTT CHABERA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 931879



 
MEMORANDUM OPINION
               Appellant pleaded guilty to aggravated assault with an agreement from the
State that his punishment would not exceed confinement for 12 years. The trial court
sentenced appellant to confinement for 12 years. Appellant filed a timely notice of
appeal.

               Appellant’s court-appointed counsel filed a brief concluding that this appeal
is without merit and a motion to withdraw as counsel. Counsel’s brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record that demonstrates the lack of
arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App.
1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.—Houston [1st Dist.] 1992,
pet. ref’d).  Counsel represents that he served a copy of the brief on appellant. 
Counsel also advised appellant of his right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. We have
reviewed the record and counsel’s brief. We find that we lack jurisdiction over the
appeal.

               We held in Threadgill v. State, 120 S.W.3d 871, 872 (Tex. App.—Houston
[1st Dist.] 2003, no pet.), that an agreement to a punishment cap is a plea-bargain
agreement within the meaning of Rule 25.2(a)(2).


 The Fourteenth Court of Appeals
held likewise in Waters v. State, 124 S.W.3d 825, 826 (Tex. App.—Houston [14th
Dist.] 2003, no pet.). Therefore appellant had a right to appeal only matters raised by
written motion filed and ruled on before trial, or with the trial court’s permission.

               The trial court certified appellant’s right to appeal. However, the
certification states that this “is not a plea-bargain case, and the defendant has the right
to appeal.” The Rule 25.2 requirements recited in a certification must be true and
supported by the record. Waters, 124 S.W.3d at 826; Ajagbe v. State, No. 01-03-00115-CR, slip op. at 2 (Tex. App.—Houston [1st Dist.] Feb. 5, 2004, no pet.)
(designated for publication). Because this was a plea-bargained case, the court’s
certification of the right to appeal was incorrect. The court did not certify that
appellant had a right to appeal from his plea bargain. Because the record (including
the trial court’s certification) does not reflect that appellant received adverse rulings
on any pretrial written motions, or that he had the trial court’s permission to appeal
from a plea bargain, we hold that we have no jurisdiction over the appeal.

               We grant counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.).


               We dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).