Pablo BARCENAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–04–00069–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 20, 2004.

Pablo Barcenas, Houston, TX, pro se.

William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosen-

thal, Jr., District Attorney–Harris County, Houston, TX, for appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

PER CURIAM.

Appellant pleaded guilty to aggravated sexual assault with an agreement from the State that his punishment would not exceed confinement for 15 years. The trial court sentenced appellant to confinement for 12 years. Timely *pro se* notice of appeal was filed. We dismiss for lack of jurisdiction.

In a plea-bargained case in which the punishment assessed does not exceed the plea agreement, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after obtaining the trial court's permission to appeal. TEX.R.APP. P. 25.2(a)(2). We held in *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex.App.-Houston [1st Dist.] 2003, no pet.), that an agreement to a punishment cap is a plea agreement within the meaning of Rule 25.2(a)(2). The Fourteenth Court of Appeals held likewise in *Waters v. State*, 124 S.W.3d 825, 826 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

The trial court's certification of appellant's right to appeal states that this "is not a plea-bargained case, and the defendant has the right to appeal." This is inconsistent with the record. Our sister court held that the recitations in a certification of the right to appeal must be true and supported by the record. *Waters*, 124 S.W.3d at 826 n. 4 (citing *Woods v. State*, 108 S.W.3d 314, 316 (Tex.Crim.App.2003) (holding that the former Rule 25.2(b)(3) [1]

1. TEX.R.APP. P. 25.2(b)(3), 948–949 S.W.2d (Texas Cases) LXI, XCVI (Tex.Crim.App.1997)

(amended effective Jan. 1, 2003).

extra-notice recitations in a notice of appeal must be true and supported by the record)). We agree.

 We next consider the implications of an inconsistency between the trial court's certification and the appellate record. When a trial court's certification states that the defendant has no right to appeal, but the record is clear that there is a right to appeal, the appellate court is required by the Rules of Appellate Procedure to have the record supplemented with an amended certification showing that the defendant has the right to appeal before it may consider the appeal.[2] This is because an appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." TEX.R.APP. P. 25.2(d). In other words, an appellate court may not consider an appeal unless the clerk's record includes a certification from the trial court stating that the appellant has the right to appeal.

In the opposite situation, as in this case, when the trial court's certification states that there is a right to appeal and the record is clear that the appellant has no such right, we know of nothing that would require an appellate court to obtain an amended certification before dismissing the appeal.

Because Rule 25.2(a)(2) applies to this appeal, appellant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after obtaining the trial court's permission to appeal. TEX.R.APP. P. 25.2(a)(2). The record does not include any pretrial written motions filed by the defense on which the trial court ruled adversely to the defense, nor does it include the trial court's permission to appeal.

Accordingly, we dismiss the appeal for lack of jurisdiction.

---

**2.** Rule of Appellate Procedure 25.2(f) provides for the filing of an amended certification of the right to appeal. TEX.R.APP. P. 25.2(f).