In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-557 CR


____________________



PERCY EDWARD WALTERS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 90157






MEMORANDUM OPINION


 Appellant, Percy Edward Walters, pled guilty in Cause No. 90157 to burglary of
a building. See Tex. Pen. Code Ann. § 30.02 (Vernon 2003). The plea agreement
provided the sentence in Cause No. 90157 would run concurrently with that in Cause No.
90156. (1) The trial court appropriately admonished Walters, both verbally and in writing. 
The trial court sentenced Walters to two years of confinement, (2) to run consecutively with
the sentences pronounced in Cause Nos. 89235, 89344, and concurrently with the sentence
pronounced in Cause No. 90156. The trial court certified that this was not a plea bargain
case and Waters had the right to appeal. 

 However, the record reflects the parties did agree the sentence in this case would
run concurrently with the sentence in Cause No. 90516. In a plea-bargained case in which
the punishment conforms with the plea agreement, a defendant may only appeal those
matters that were raised by written motion filed and ruled upon before trial unless the
defendant obtains the trial court's permission to appeal. See Tex. R. App. 25.2(a)(2);
Barcenas v. State, 137 S.W.3d 865 (Tex. App.--Houston [1st Dist.] 2004, no pet.). There
are no written motions in the record reflecting any pretrial issues were decided adversely
to Walters. The record does not reflect Walters requested and obtained the trial court's
permission to appeal. The judgment reflects the sentence is to run concurrently with that
in Cause No. 90516, as the parties agreed. 

 The trial court's certification that this was not a plea agreement, and of Walters's
right to appeal, conflicts with the record. See Waters v. State, 124 S.W.3d 825, 826 (Tex.
App.--Houston [14th Dist.] 2003, pet. ref'd). Where the trial court's certification
erroneously states there is a right to appeal and the record shows there is no right, the
appeal may be dismissed without obtaining an amended certification. See Barcenas, 137
S.W.3d at 866. The appeal is dismissed for want of jurisdiction. 

 APPEAL DISMISSED. 


 PER CURIAM


Submitted on February 11, 2005

Opinion Delivered March 2, 2005

Do Not Publish 

 

Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. In the appeal of Cause No. 90156, we reformed the trial court's judgment to
accurately reflect the sentence announced at the sentencing hearing. See Walters v. State,
No. 09-03-556 CR, 2004 WL 2536830 (Tex. App.--Beaumont 2004, no pet.) (not
designated for publication). 
2. The punishment range is confinement in a state jail for not more than two years or
less than 180 days and a fine not to exceed $10,000. See Tex. Pen. Code Ann. § 12.35
(a), (b) (Vernon 2003).