In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-097 CR


____________________



SHAWN ODNEAL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 80494






OPINION


 On March 13, 2000, appellant was found guilty by the trial court for the offense of
Aggravated Sexual Assault (on a child). The record reflects that appellant pleaded guilty
with the benefit of an agreed punishment recommendation. (1) The record further reflects
that the trial court followed the agreed recommendation in assessing punishment at life in
the Texas Department of Criminal Justice - Correctional Institutions Division. Because
appellant's notice of appeal was not filed timely, we dismissed the appeal for want of
jurisdiction on June 8, 2000. 

 Appellant subsequently filed a post-conviction application for writ of habeas corpus
with the Court of Criminal Appeals alleging ineffective assistance of counsel in the failure
to file a timely notice of appeal. The Court of Criminal Appeals agreed with appellant and
granted him habeas corpus relief. The Court explicitly set-out the remedy for appellant
as follows: 

 The proper remedy in a case such as this is to return Applicant to the
point at which he can give notice of appeal. For purposes of the Texas Rules
of Appellate Procedure, all time limits shall be calculated as if the conviction
had been entered on the day that the mandate of this Court issues. We hold
that Applicant, should he desire to prosecute an appeal, must take affirmative
steps to see that notice of appeal is given within thirty days after the mandate
of this Court has issued. 


 The Court of Criminal Appeals' mandate issued on February 18, 2004, with
appellant filing a pro se notice of appeal the same day. As required by Tex. R. App. P.
25.2(a)(2) and 25.2(d), the trial court thereafter entered its certification of appellant's right
to appeal. Based upon the facts of the case, the Rule applicable to the trial court's
certification reads as follows:


 The trial court shall enter a certification of the defendant's right of
appeal in every case in which it enters a judgment of guilt or other
appealable order. In a plea bargain case - - that is, a case in which
defendant's plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant - - a defendant may appeal only: (A) those matters that were raised
by written motion filed and ruled on before trial, or (B) after getting the trial
court's permission to appeal.


See Tex. R. App. P. 25.2(a)(2). In the instant case, the trial court certified appellant's
right to appeal for the following reason: "Court of Criminal Appeals ordered, adjudged
and decreed that an out of time appeal is Granted." 

 An appellate court has the ability to examine a certification for defectiveness. See
Dears v. State, Nos. PD-1963-03, PD-1964-03, PD-1965-03, 2005 WL 156736, at *4
(Tex. Crim. App. Jan. 26, 2005) (not yet reported). We agree with other courts of appeals
that the recitations in a certification of the right to appeal must be true and supported by
the record. See Barcenas v. State, 137 S.W.3d 865, 865-66 (Tex. App.--Houston [1st
Dist.] 2004, no pet.); Waters v. State, 124 S.W.3d 825, 826 (Tex. App.--Houston [14th
Dist.] 2003, no pet.). In the instant case, the printed reason for certifying appellant's right
to appeal has a narrow basis in fact when compared with the record in that it appears the
trial court interpreted the habeas corpus relief granted to appellant as properly invoking
our jurisdiction. We read the Court's habeas corpus relief, however, as simply "turning
the clock back" to the day of conviction, and providing appellant, "should he desire to
prosecute an appeal," the opportunity to timely file his notice of appeal at which point the
requirements of the Rules of Appellate Procedure come into effect. 

 As noted above, Rule 25.2(a)(2) provides that in a plea bargain case where the
punishment assessed did not exceed what was agreed to by the defendant and the State, the
defendant may only appeal matters raised and ruled upon by written pretrial motion, or
after getting the trial court's "permission to appeal." Rule 25.2(d), entitled "Certification
of Defendant's Rights of Appeal," states that an appeal must be dismissed if a certification,
which shows the defendant has the "right of appeal," has not been made part of the record
under the rules. These two provisions under Rule 25.2 appear to raise the question of
whether "permission to appeal" has the same meaning as "right of appeal." 

 In the instant case, for example, the trial court's reason for certification, "Court of
Criminal Appeals ordered, adjudged and decreed that an out of time appeal is Granted,"
could be inferred to give appellant "permission to appeal." It is not contested, however,
that appellant pleaded guilty with the benefit of a negotiated and agreed punishment
recommendation, which was complied with by the trial court, and the record does not
indicate the existence of any pretrial motion. Therefore, under these facts, can the stated
reason for certification be considered by this Court as being in compliance with Rule 25.2
so as to invoke our jurisdiction over this appeal? 

 Neither the United States nor Texas constitution guarantees the right to appeal state
criminal convictions. See McKane v. Durston, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed.
867 (1894); Griffin v. State, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). A defendant's
right to appeal is granted only by the legislature via statutory enactment. Griffin, 145
S.W.3d at 646. Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979 & Supp. 2005)
provides that "[a] defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed." The Court in Griffin noted that, in the past, Texas courts have
interpreted article 44.02 and its predecessors "very broadly," and characterized this broad
interpretation of article 44.02 as "impermissibly alter[ing] the legislatively created right
to appeal." Id. The Court in Griffin then traced the judicial and legislative sequence of
events of the past thirty-three years with regard to a defendant's "right of appeal" from a
guilty-plea proceeding:

 In response to Helms v. State, 484 S.W.2d 925 (Tex. Crim. App. 1972),[ (2)] the
legislature amended Article 44.02 in 1977: 


 provided, however, before the defendant who has been convicted upon either
his plea of guilty or plea of nolo contendere before the court and the court,
upon the election of the defendant, assesses punishment and the punishment
does not exceed the punishment recommended by the prosecutor and agreed
to by the defendant and his attorney may prosecute his appeal, he must have
permission of the trial court, except on those matters which have been raised
by written motion filed prior to trial.


 Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979), repealed 1998
(emphasis added).


Griffin, 145 S.W.3d at 646 (emphasis in original).


 The intent of the 1977 legislative amendment to article 44.02 was to eliminate
appeals in which the defendant had entered a plea of guilty or nolo contendere before the
court as part of a plea bargain and the punishment assessed did not exceed that agreed
upon. Griffin, 145 S.W.3d at 646; Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App.
2001). 

 In 1985, the legislature authorized the Court of Criminal Appeals to repeal sections
of the Code of Criminal Procedure (3) and promulgate rules of post-trial, appellate, and
review procedures in criminal cases. See Tex. Gov't Code Ann. § 22.108(a) (Vernon
2004); Griffin, 145 S.W.3d at 647. However, this grant of rule-making authority was
limited, and the Court of Criminal Appeals may not, by those rules, "abridge, enlarge, or
modify the substantive rights of a litigant." Id. Indeed, the Court in Griffin noted that as
the Court of Criminal Appeals lacks the power to bestow on a party the "right of appeal,"
the rules that have pertained to invoking appellate jurisdiction have focused on "how" to
perfect an appeal. Griffin, 145 S.W.3d at 647. 

 Initially in 1985, the Court promulgated Tex. R. App. P. 40(b)(1) (repealed in
1998), then Rule 25.2(b)(3) (deleted in 2002), and finally the present Rule 25.2(a)(2)
which incorporated the two exceptions originally authorized in 40(b)(1). The significance
of the evolution of Rule 25.2 to its current version was described in Griffin, involving a
plea-bargaining defendant's attempt to appeal lack of trial court jurisdiction, as follows: 

 The plain language of the 1977 amendment to Article 44.02 includes
nothing to indicate that the legislature intended to exempt jurisdictional
issues from the general limits of the proviso. Therefore, the current Rule
25.2 merely carries out the purpose of the legislature's original rule: to
eliminate meritless appeals after the trial court accepted the terms of a plea
agreement. "As the legislature saw it, the restrictions of the 1977 proviso
applied to any matter in the case, without limitation." Cooper, 45 S.W.3d
at 80. Jurisdictional matters may be raised on appeal if they fit within the
limited right of appeal granted by the legislature, or they may be litigated by
writ of habeas corpus.

 The language of the current Rule 25[.2](a)(2) and the 1977 proviso of
Article 44.02 are substantially the same. Because the right to appeal is
guaranteed only by statute and because the legislature did not expressly or
even impliedly make an exception for appeals of jurisdictional issues that fall
outside of the statutory exceptions, we are led to the conclusion that the
requirements of the current Rule 25[.2](a)(2) are consistent with the initial
legislative intent and do not impermissibly abridge the right to appeal. 


Griffin, 145 S.W.3d at 648-49. 


 In light of the above discussion, we find that whenever a trial court gives a
defendant "permission to appeal" as contemplated under Rule 25.2(a)(2), that defendant
must possess a "right of appeal" independent of the rules of appellate procedure in order
to invoke our jurisdiction. As the cases have pointed out, the Texas Rules of Appellate
Procedure do not establish appellate jurisdiction, but set out procedures which must be
followed in order to invoke a court's jurisdiction over a particular appeal. See White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001); Olivo v. State, 918 S.W.2d 519, 523
(Tex. Crim. App. 1996). (4) For a plea-bargaining defendant, a trial court's "permission to
appeal" will only invoke a court's appellate jurisdiction if the defendant also has a "right
of appeal." Under the facts and circumstances of the instant case, the trial court's
certification is defective in that it appears to find appellant's "right of appeal" solely within
the Court of Criminal Appeals's grant of "an out-of-time appeal." Such a finding is
misplaced as the Court's mandate simply placed appellant in the position he was in on the
day of his conviction. 

 However, above and apart from the improper reason for certification is the fact that
appellant simply has no substantive "right of appeal" independent of the rules of appellate
procedure. See Griffin, 145 S.W.3d at 648-49 (Rule 25.2(a)(2) carries out legislative
purpose in 1977 version of article 44.02 to eliminate meritless appeals after the trial court
accepts the terms of a plea agreement.); Shankle v. State, 119 S.W.3d 808, 814 (Tex.
Crim. App. 2003) (Because the appellant pleaded guilty and the punishment did not exceed
the punishment agreed to by the defendant, the plea-bargaining appellant has no right of
appeal under the applicable appellate rules.); Cooper, 45 S.W.3d at 80, 83 (Like the 1977
version of article 44.02, former Rule 25.2 limits every appeal on every ground in a plea
bargain felony case.). 

 Assuming that appellant's notice of appeal, containing the prayer that the trial court
"accepts this Notice of Appeal," was a sufficient request for permission to appeal, the trial
court was required to enter a certification of appellant's "right of appeal." See Rule
25.2(a)(2). The trial court's stated reason for permitting the appeal did not provide a right
of appeal for appellant and we find none on the face of the record. As this "defect" in
certification appears to provide a right of appeal when the record is clear that appellant has
no such right, it is unnecessary for us to require the trial court to provide an amended
certification before dismissing the appeal pursuant to Rule 25.2(d). See Barcenas v. State,
137 S.W.3d at 866. Accordingly, we dismiss this appeal as it fails to invoke our
jurisdiction. 

 APPEAL DISMISSED. 



 _______________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on February 15, 2005

Opinion Delivered March 23, 2005

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The agreed punishment recommendation appears to be that in exchange for his
plea of guilty and incarceration for life, the State agreed for the trial court to run the
instant sentence concurrently with another life sentence for aggravated sexual assault in
Cause No. 77455. See Odneal v. State, No. 09-00-200-CR, 2001 WL 62897 (Tex. App.--Beaumont Jan. 24, 2001, pet. ref'd) (not designated for publication). 
2. The Court in Helms held that "where a plea of guilty is voluntarily and
understandingly made, all non-jurisdictional defects including claimed deprivation of
federal due process are waived." Helms, 484 S.W.2d at 927 (clarified by Young v. State,
8 S.W.3d 656 (Tex. Crim. App. 2000)). The Court in Griffin noted that the Helms Rule,
as the holding became known, discouraged guilty pleas, and caused a defendant, who
wanted to preserve his appellate issues, to force the State to a full trial on the merits. 
Griffin, 145 S.W.3d at 646.
3. See Act of May 27, 1985, 69th Leg. R.S., ch. 685, § 4(a), 1985 Tex. Gen. Laws
2472-2473. 
4. As the Olivo Court pointed out: "Examples of laws that establish jurisdiction of
courts of appeals are Tex. Const. Art. V, § 1 (courts in which judicial power is vested),
Tex. Const. Art. V, § 6 (courts of appeals); V.T.C.A. Gov't Code §§ 21.001 (inherent
power and duty of courts), 22.220 (civil jurisdiction), 22.201 (courts of appeals districts),
. . . . This Court's rulemaking authority is found in Tex. Const. Art. V, § 31(c),
V.T.C.A. Gov't Code 22.108, and Article 44.33(a), V.A.C.C.P." Olivo, 918 S.W.2d at
523 (footnotes omitted).