Dismissed and Memorandum Opinion filed August 8, 2006








Dismissed and Memorandum Opinion filed August 8, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00453-CR

____________

 

CARLOS ANAYA PENA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
Criminal District Court

Harris County, Texas

Trial Court Cause No. 798,400

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Carlos Anaya Pena, pleaded guilty to murder in
exchange for a pre-sentence investigation and the State=s recommendation
that punishment be capped at sixty years= confinement.  After
the pre-sentence investigation and a hearing, the trial court sentenced
appellant to forty-five years= confinement in the Texas Department of
Criminal Justice, Institutional Division.  On appeal, appellant contends he was
denied his constitutional right to confrontation when, during the hearing, the
trial court allowed one witness to testify to another person=s victim impact. 
However, we do not reach appellant=s issue because we
hold that this was a plea-bargain case and the record reflects no basis for
appeal.  As a result, we have no jurisdiction and so dismiss the appeal.

Relevant
Facts

In February 2005, appellant entered a plea of Aguilty@ to the murder of
Jesus Villela.  Appellant signed a written Waiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession in which he agreed AI understand the
above allegations and I confess that they are true and that the acts alleged
above were committed on November 10, 1998.@  The plea
reflected it was Awithout an agreed recommendation,@ but also showed
that the State agreed to a pre-sentence investigation and a sentencing cap of
sixty years= confinement.  

The trial court sentenced appellant to confinement for 45
years, within the State=s recommended cap.  However, the trial
court=s judgment
reflected that the plea bargain was AWOAR,@ and its
certification of appellant=s right to appeal reflected that the case Ais not a
plea-bargain case, and the defendant has the right of appeal.@

Analysis
of Jurisdictional Issue

The State argues that, because this is a plea-bargain case
and appellant has not demonstrated that he has a right to appeal, this Court lacks
jurisdiction over his appeal.  Having reviewed the record, we agree.








A plea-bargain case is one in which Athe defendant=s pleas is guilty
or nolo contendere and the punishment did not exceed the punishment recommended
by the prosecutor and agreed to by the defendant.@  See Tex. R. App. P. 25.2(a)(2).  An
agreement to a punishment cap is a plea bargain.  See Shankle v. State,
119 S.W.3d 808, 813B14 (Tex. Crim. App. 2003); Waters v.
State, 124 S.W.3d 825, 826 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  The trial court sentenced appellant
to confinement for forty-five years, and therefore accepted the plea bargain
between the State and appellant to cap the sentence at sixty years. 
Consequently, appellant has a right to appeal only (1) those matters that were
raised by written motion filed and ruled on before trial, or (2) after getting
the trial court=s permission to appeal.  See Tex. R. App. P. 25.2(a)(2).  The record
does not reflect any rulings adverse to appellant on any pretrial written
motions, or that he had the trial court=s permission to
appeal from a plea bargain.

Moreover, although the judgment reflects AWOAR,@ the mere recital
that a plea is Aunagreed@ will not convert
the proceeding into an open plea.  See Threadgill v. State, 120 S.W.3d
871, 872 (Tex. App.CHouston [1st Dist.] 2003, no pet.) (per
curiam); Lemoins v. State, 37 S.W.3d 556, 559 (Tex. App.CBeaumont 2001, no
pet.).  Nor will the trial court=s incorrect
certification that appellant=s case is not a plea-bargain case convert
the proceeding.  See Saldana v. State, 161 S.W.3d 763, 764 (Tex. App.CBeaumont 2005, no
pet.); Barcenas v. State, 137 S.W.3d 865, 865B66 (Tex. App.CHouston [1st
Dist.] 2004, no pet.); see also Waters, 124 S.W.3d at 826 (ADespite the trial
court=s certification,
we believe the Rule 25.2 requirements recited in a certification must be true
and supported by the record.@).  We hold that the record as a whole
establishes the existence of a plea bargain.

Because this is a plea-bargain case, and the record does
not show that appellant has a right to appeal under Texas Rule of Appellate
Procedure 25.2(a)(2), we dismiss the appeal for lack of jurisdiction. 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed August 8, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).