

# NUMBER 13-06-00417-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LAWRENCE THOMAS DAUGHTREY JR.,**           **Appellant,**

**v.**

**THE STATE OF TEXAS,**           **Appellee.**

---

### On appeal from the 24th District Court
### of Victoria County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Lawrence Thomas Daughtrey, Jr., pleaded guilty to the offenses of aggravated assault, *see* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2007), and burglary of a habitation with intent to commit sexual assault, *see id*. § 30.02(a)(1) (Vernon 2003).  The trial court deferred adjudication of guilt and placed Daughtrey on probation in accordance

with a plea bargain agreement.[1]  The trial court ultimately adjudicated guilt, sentencing Daughtrey to fifteen years' confinement in the Texas Department of Criminal Justice – Institutional Division for each offense, set to run concurrently, in accordance with a *second* plea bargain agreement.  The trial court certified that this was not a plea bargain case and that Daughtrey had the right to appeal.[2]

However, the record reflects that at the adjudication of guilt hearing, Daughtrey and the State entered into a second plea bargain agreement regarding the length of his sentence.  In a plea-bargain case in which the punishment conforms with the plea agreement, a defendant may only appeal those matters that were raised by written motion filed and ruled upon before trial unless the defendant obtains the trial court's permission to appeal.  *See* TEX. R. APP. P. 25.2(a)(2); *Hargesheimer v. State*, 182 S.W.3d 906, 911 n.4 (Tex. Crim. App. 2006); *Barcenas v. State*, 137 S.W.3d 865, 865-66 (Tex. App.–Houston [1st Dist.] 2004, no pet.).  There are no written motions in the record reflecting that any pretrial issues were decided adversely to Daughtrey.  The record does not reflect Daughtrey requested and obtained the trial court's permission to appeal.  The judgment reflects that appellant was sentenced to fifteen years for each offense, to run concurrently, as the parties agreed.

[1]  Pursuant to this plea bargain, Daughtrey was placed on deferred adjudication for a period of ten years.

[2]  The State used separate indictments to charge appellant with these offenses.  As such, this Court assigned a separate cause number for each offense: 13-06-0418-CR for the aggravated assault offense and 13-06-0417-CR for the burglary of a habitation with intent to commit sexual assault offense.  This Court, however, in a per curiam opinion, summarily denied appellant relief on the aggravated assault offense (13-06-0418-CR), noting that "an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal."  *See Daughtrey v. State*, No. 13-06-00418-CR, 2007 Tex. App. LEXIS 9008, at *1-2 (Tex. App.–Corpus Christi Nov. 15, 2007, pet. ref'd) (mem. op., not designation for publication).  The focus of this opinion, therefore, is with regard to the burglary of a habitation with intent to commit sexual assault offense.

The trial court's certification that this was not a plea agreement, and of Daughtrey's right to appeal, conflicts with the record. *See Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). Where the trial court's certification erroneously states there is a right to appeal and the record shows there is no right, the appeal may be dismissed without obtaining an amended certification. *See Barcenas*, 137 S.W.3d at 866. The appeal is dismissed for want of jurisdiction.

APPEAL DISMISSED.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.  TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 21st day of August, 2008.