NUMBER 13-06-00417-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

LAWRENCE THOMAS DAUGHTREY JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court

of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 


 Lawrence Thomas Daughtrey, Jr., pleaded guilty to the offenses of aggravated
assault, see Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2007), and burglary of a
habitation with intent to commit sexual assault, see id. § 30.02(a)(1) (Vernon 2003). The
trial court deferred adjudication of guilt and placed Daughtrey on probation in accordance
with a plea bargain agreement. (1) The trial court ultimately adjudicated guilt, sentencing
Daughtrey to fifteen years' confinement in the Texas Department of Criminal Justice - 
Institutional Division for each offense, set to run concurrently, in accordance with a second
plea bargain agreement. The trial court certified that this was not a plea bargain case and
that Daughtrey had the right to appeal. (2) 

 However, the record reflects that at the adjudication of guilt hearing, Daughtrey and
the State entered into a second plea bargain agreement regarding the length of his
sentence. In a plea-bargain case in which the punishment conforms with the plea
agreement, a defendant may only appeal those matters that were raised by written motion
filed and ruled upon before trial unless the defendant obtains the trial court's permission
to appeal. See Tex. R. App. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d 906, 911
n.4 (Tex. Crim. App. 2006); Barcenas v. State, 137 S.W.3d 865, 865-66 (Tex.
App.-Houston [1st Dist.] 2004, no pet.). There are no written motions in the record
reflecting that any pretrial issues were decided adversely to Daughtrey. The record does
not reflect Daughtrey requested and obtained the trial court's permission to appeal. The
judgment reflects that appellant was sentenced to fifteen years for each offense, to run
concurrently, as the parties agreed. 

 The trial court's certification that this was not a plea agreement, and of Daughtrey's
right to appeal, conflicts with the record. See Waters v. State, 124 S.W.3d 825, 826 (Tex.
App.-Houston [14th Dist.] 2003, pet. ref'd). Where the trial court's certification erroneously
states there is a right to appeal and the record shows there is no right, the appeal may be
dismissed without obtaining an amended certification. See Barcenas, 137 S.W.3d at 866. 
The appeal is dismissed for want of jurisdiction. 

 APPEAL DISMISSED.

 ________________________

 ROGELIO VALDEZ

 Chief Justice

Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 21st day of August, 2008. 

 


1. Pursuant to this plea bargain, Daughtrey was placed on deferred adjudication for a period of ten
years.
2. The State used separate indictments to charge appellant with these offenses. As such, this Court
assigned a separate cause number for each offense: 13-06-0418-CR for the aggravated assault offense and
13-06-0417-CR for the burglary of a habitation with intent to commit sexual assault offense. This Court,
however, in a per curiam opinion, summarily denied appellant relief on the aggravated assault offense (13-06-0418-CR), noting that "an appeal must be dismissed if the trial court's certification does not show that the
defendant has the right of appeal." See Daughtrey v. State, No. 13-06-00418-CR, 2007 Tex. App. LEXIS
9008, at *1-2 (Tex. App.-Corpus Christi Nov. 15, 2007, pet. ref'd) (mem. op., not designation for publication). 
The focus of this opinion, therefore, is with regard to the burglary of a habitation with intent to commit sexual
assault offense.