**Opinion issued February 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

NO. 01-12-00288-CR
NO. 01-12-00289-CR

————————————

**JOSE ANGEL HUERTA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1315496 and 1315497**

---

**MEMORANDUM OPINION**

In each of trial court cause numbers 1315496 and 1315497, appellant, Jose

Angel Huerta, pleaded guilty to the offense of aggravated sexual assault of a child,

pursuant to an agreed recommendation from the State as to punishment. In each

cause number, the trial court found appellant guilty and, in accordance with appellant's plea agreement with the State, sentenced appellant to confinement for 16 years, with the sentences to run concurrently. Appellant, proceeding pro se, filed a notice of appeal in each cause. We dismiss the appeals for want of jurisdiction.

In a plea-bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

The clerk's record filed in each appeal reflects that the trial court certified that the case below is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record in each case supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Further, in each case, the record does not include any pretrial written motions filed by the defense on which the trial court ruled adversely to the defense, and appellant did not get the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2); *Barcenas v. State*, 137 S.W.3d 865, 866 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

2

Because appellant has no right of appeal, we must dismiss the appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeals for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).