**Opinion issued June 18, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-00134-CR**
**NO. 01-13-00135-CR**

———————————

**JOSE LUIS GARCIA III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1318638 and 1366267**

---

## MEMORANDUM OPINION

In trial court cause number 1318638, appellant, Jose Luis Garcia III, pleaded guilty to the felony offense of possession of a controlled substance, namely, methamphetamine, weighing more than 1 gram and less than 4 grams, and pleaded

true to a felony enhancement. In trial court cause number 1366267, appellant pleaded guilty to the felony offense of unlawful possession of a firearm, and pleaded true to a felony enhancement. In each cause number, the trial court found appellant guilty, found the enhancement true, and, in accordance with appellant's plea agreement with the State, sentenced appellant to confinement for three years, with the sentences to run concurrently. Appellant, proceeding pro se, filed a notice of appeal in each cause. We dismiss the appeals for want of jurisdiction.

The trial court must enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). In a plea-bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. *Id.* If a certification showing that the defendant has the right of appeal has not been made part of the record, we must dismiss the appeal. TEX. R. APP. P. 25.2(d).

The clerk's record filed in each appeal reflects that the trial court certified that the case is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record in each case supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Further, in each case, the record does not reflect that the trial court ruled adversely to appellant on any matters raised by written motion filed and ruled on

before trial, and appellant did not get the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2); *Barcenas v. State*, 137 S.W.3d 865, 866 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Because appellant does not have a right of appeal, we must dismiss the appeals for want of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action.").

Accordingly, we dismiss the appeals for want of jurisdiction. Appellant's pro se motion to dismiss the appeals, which is not signed by counsel, is dismissed as moot. *See* TEX. R. APP. P. 42.2(a). Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).