**Dismissed and Memorandum Opinion filed July 27, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00461-CR

### MARQUIS ANDREW BRANCH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1530996**

## M E M O R A N D U M   O P I N I O N

Appellant Marquis Andrew Branch entered a plea of guilty to aggravated robbery. Appellant and the State agreed that appellant's punishment would not exceed imprisonment for more than 40 years. In accordance with the terms of this agreement with the State, on February 13, 2017, the trial court sentenced appellant to confinement for 30 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a notice of appeal on June 8, 2017.

We lack jurisdiction over this appeal for two reasons: the notice of appeal was

not filed timely, and this is a plea bargain case with no appealable matters and appellant has not been granted permission to appeal.

First, a defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Appellant's notice of appeal was filed 115 days after sentence was imposed. Therefore, the appeal was not timely perfected, and we lack jurisdiction.

Second, an agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (sentence bargaining may be for recommendations to the court on sentences, including a recommended "cap" on sentencing). In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only matters raised by a written, pretrial motion or with the trial court's permission. Tex. R. App. P. 25.2(a)(2).

Appellant's punishment of 30 years' imprisonment does not exceed the agreed cap of 40 years. The record does not contain any appealable pretrial rulings, and the trial court did not grant appellant permission to appeal.[1]

---

[1] The certification of appellant's right to appeal incorrectly indicates this case is not a plea bargain case and appellant has the right to appeal, but the record establishes the opposite. In such a situation, we know of no authority that would require us to obtain an corrected certification

Accordingly, we **DISMISS** the appeal.


PER CURIAM


Panel consists of Justices Boyce, Donovan, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

before dismissing the appeal. *Barcenas v. State*, 137 S.W.3d 865, 866 (Tex. App.—Houston [1st Dist.] 2004, no pet.).