Teresa WATERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–03–00183–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 9, 2003.

---

Karen Clark Harpold, Houston, for appellants.

Bridget Holloway, Houston, for appellees.

Panel consists of Justices RICHARD B. EDELMAN, FROST, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

■ Teresa Waters appeals her conviction for aggravated sexual assault of a child on the ground that the trial court denied her a fair punishment hearing when it imposed a ten-year sentence without considering the mitigating punishment evidence she offered.[1] We dismiss the appeal for lack of jurisdiction.

■ In a plea bargain case, *i.e.*, one in which the defendant's plea is guilty or nolo contendere and the punishment does not exceed that recommended by the prosecutor and agreed to by the defendant, a defendant may appeal only: (a) those matters that were raised by written motion filed and ruled on before trial; or (b) after getting the trial court's permission to appeal. Tex.R.App. P. 25.2(a)(2). A conviction based on an agreement that puts a "cap" on the punishment for the charged offense is subject to the restrictions on appeal under Rule 25.2(a)(2).[2] In addition, a valid waiver of appeal, whether negotiated or non-negotiated, prevents a defendant from appealing without the consent of the trial court. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex.Crim.App.2003).

In this case, appellant's signed guilty plea document states, "I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecution." In addition, both the guilty plea document and judgment reflect that there was no agreed sentencing recommendation, but an agreed "cap" of 10 years and dismissal of cause number 91888. However, on the form for the trial court's certification of appellant's right to appeal:[3] (1) none of the boxes is checked that reflect a plea-bargain (including the one stating that the trial court has given permission to appeal) or waiver of appeal; but instead, (2) the box is checked that indicates this was *not* a plea-bargain case and that appellant had the right to appeal.

Despite the trial court's certification, we believe the Rule 25.2 requirements recited in a certification must be true and supported by the record.[4] In this case, because appellant entered a plea bargain, she could appeal only: (1) matters raised by written motion filed and ruled on before trial; or (2) with the trial court's permission. *See* Tex.R.App. P. 25.2(a)(2). Moreover, her waiver of appeal further prevented her from appealing without the consent of the trial court. *See Monreal*, 99 S.W.3d

---

1. Waters pled guilty to aggravated sexual assault of a child and was sentenced to ten years confinement.

2. *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex.App.-Houston [1st Dist.] 2003, no. pet.); *see Shankle v. State*, 119 S.W.3d 808, 813 (Tex.Crim.App.2003).

3. This certification form is provided in an appendix to the Texas Rules of Appellate Procedure.

4. *Cf. Woods v. State*, 108 S.W.3d 314, 316 (Tex.Crim.App.2003) (holding that the former Rule 25.2(b)(3) extra-notice recitations in a notice of appeal must be true and supported by the record).

at 622. Because the record (including the trial court's certification) does not reflect that she had the trial court's consent or permission to appeal, and because her brief indicates that she does not seek to appeal a matter raised by written motion filed and ruled upon before trial,[5] we have no jurisdiction over an appeal of her conviction. Accordingly, her appeal is dismissed.[6]

---

**5.** *See Woods*, 108 S.W.3d at 316 (holding that appeals court had no jurisdiction over matters raised in appellant's brief that were outside the scope of appeal set forth by Rule 25.2).

**6.** If we instead remanded the case for recertification, it is possible that the trial court would grant appellant permission to appeal. However, because the record reflects that appellant made no objection in the trial court to the sentence imposed, the issue raised in her brief was not preserved for appellate review. *See, e.g., Hardeman v. State*, 1 S.W.3d 689, 690 (Tex.Crim.App.1999). Therefore, no useful purpose would be served in remanding the case for recertification.