In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00069-CR
____________

PABLO BARCENAS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 926057



 
O P I N I O N
               Appellant pleaded guilty to aggravated sexual assault with an agreement
from the State that his punishment would not exceed confinement for 15 years. The
trial court sentenced appellant to confinement for 12 years. Timely pro se notice of
appeal was filed. We dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Tex. R. App. P. 25.2(a)(2). We held in Threadgill v. State, 120
S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.), that an agreement
to a punishment cap is a plea agreement within the meaning of Rule 25.2(a)(2). The
Fourteenth Court of Appeals held likewise in Waters v. State, 124 S.W.3d 825, 826
(Tex. App.—Houston [14th Dist.] 2003, no pet.).

               The trial court’s certification of appellant’s right to appeal states that this
“is not a plea-bargained case, and the defendant has the right to appeal.” This is
inconsistent with the record. Our sister court held that the recitations in a
certification of the right to appeal must be true and supported by the record. Waters,
124 S.W.3d at 826 n.4 (citing Woods v. State, 108 S.W.3d 314, 316 (Tex. Crim. App.
2003) (holding that the former Rule 25.2(b)(3)


 extra-notice recitations in a notice of
appeal must be true and supported by the record)). We agree.

               We next consider the implications of an inconsistency between the trial
court’s certification and the appellate record. When a trial court’s certification states
that the defendant has no right to appeal, but the record is clear that there is a right
to appeal, the appellate court is required by the Rules of Appellate Procedure to have
the record supplemented with an amended certification showing that the defendant
has the right to appeal before it may consider the appeal.


 This is because an appeal
“must be dismissed if a certification that shows the defendant has the right of appeal
has not been made part of the record . . . .” Tex. R. App. P. 25.2(d). In other words,
an appellate court may not consider an appeal unless the clerk’s record includes a
certification from the trial court stating that the appellant has the right to appeal.

               In the opposite situation, as in this case, when the trial court’s certification
states that there is a right to appeal and the record is clear that the appellant has no
such right, we know of nothing that would require an appellate court to obtain an
amended certification before dismissing the appeal.

               Because Rule 25.2(a)(2) applies to this appeal, appellant may appeal only
those matters that were raised by written motion filed and ruled on before trial, or
after obtaining the trial court’s permission to appeal. Tex. R. App. P. 25.2(a)(2). The
record does not include any pretrial written motions filed by the defense on which the
trial court ruled adversely to the defense, nor does it include the trial court’s
permission to appeal.

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Hanks, and Higley.

Publish. Tex. R. App. P. 47.2(b).