Dismissed and Memorandum Opinion filed August 24, 2006








Dismissed
and Memorandum Opinion filed August 24, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00145-CR

NO. 14-06-00146-CR

____________

 

SERGIO ARTURO CANDANOZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
174th District Court

Harris County, Texas

Trial Court Cause Nos. 1014187
& 1014188

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered pleas of no contest to aggravated sexual assault and aggravated
kidnapping.  In each case, appellant and the State agreed that appellant=s punishment would not exceed
confinement in prison for more than sixty years.  In accordance with the terms
of this agreement with the State, the trial court sentenced appellant on
January 25, 2006, to confinement for sixty years in the Institutional Division
of the Texas Department of Criminal Justice in each case, with the sentences to
be served concurrently.  Appellant filed a timely, written notice of appeal in
each case.  We dismiss the appeals.  








Although
the trial court mistakenly entered a certification of the defendant=s right to appeal in which the court
certified that each is not a plea bargain case and the defendant has the right
of appeal, we have no jurisdiction over the appeals.  See Tex. R. App. P. 25.2(a)(2).  An
agreement that places a cap on punishment is a plea bargain for purposes of
Texas Rule of Appellate Procedure 25.2(a)(2).  Waters v. State, 124
S.W.3d 825, 826-27 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even thought trial judge mistakenly certified defendant had right of appeal);  Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.CHouston [1st Dist.] 2003, no. pet.)
(holding statement in record indicating that there was no agreed recommendation
did not convert proceeding into an open plea where plea was entered pursuant to
agreed sentencing cap); see also Shankle v. State, 119 S.W.3d 808, 813
(Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations
to the court on sentences, including a recommended Acap@ on sentencing). 

Because
appellant=s pleas were made pursuant to a plea bargain, he may appeal only matters
raised by a written pre-trial motion or with the trial court=s permission.    See Tex. R. App. P. 25.2(a)(2).  Appellant
is not appealing any pre-trial rulings.[1]  The trial
court=s erroneous certification that the
cases are not plea bargain cases does not constitute permission to appeal.  See
Waters, 124 S.W.3d
at 826-27.

Accordingly,
we dismiss the appeals.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed August
24, 2006.

Panel consists of Chief Justice Hedges and Justices
Yates and Seymore.

Do Not Publish C Tex. R. App. P.
47.2(b).









[1]  Appellant has filed his brief in which he raises
only constitutional complaints concerning his sentencing.