Dismissed and Memorandum Opinion filed August 16, 2007








Dismissed
and Memorandum Opinion filed August 16, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00075-CR

____________

 

EDWARD MICHAEL PENA,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
339th District Court

Harris County, Texas

Trial Court Cause No. 1069431 

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered a plea of guilty to aggravated sexual assault of a child.  Appellant
and the State agreed that appellant=s punishment would not exceed
confinement in prison for more than twenty-five years.  In accordance with the
terms of this agreement with the State, the trial court sentenced appellant on
January 4, 2007, to confinement for fifteen years in the Institutional Division
of the Texas Department of Criminal Justice.  Appellant filed a timely, written
notice of appeal.  We dismiss the appeal.  








Although
the trial court mistakenly entered a certification of the defendant=s right to appeal in which the court
certified that this is not a plea bargain case and the defendant has the right
of appeal, we have no jurisdiction over the appeal.  See Tex. R. App. P. 25.2(a)(2).  An
agreement that places a cap on punishment is a plea bargain for purposes of
Texas Rule of Appellate Procedure 25.2(a)(2).  Waters v. State, 124
S.W.3d 825, 826-27 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even though trial judge mistakenly certified defendant had right of appeal);  Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.CHouston [1st Dist.] 2003, no. pet.)
(holding statement in record indicating that there was no agreed recommendation
did not convert proceeding into an open plea where plea was entered pursuant to
agreed sentencing cap);  see also Shankle v. State, 119 S.W.3d 808, 813
(Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations
to the court on sentences, including a recommended Acap@ on sentencing). 

Because
appellant=s plea was made pursuant to a plea bargain, he may appeal only matters
raised by a written pre-trial motion or with the trial court=s permission.  See Tex. R. App. P. 25.2(a)(2).  The record
does not contain any pre-trial rulings.  The trial court=s erroneous certification that the
case is not a plea bargain case does not constitute permission to appeal.  See
Waters, 124 S.W.3d
at 826-27.

Accordingly,
we dismiss the appeal.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed August
16,  2007.

Panel consists of Chief Justice Hedges, Justices Yates
and Frost.

Do Not Publish C Tex. R. App. P.
47.2(b).