Dismissed and Memorandum Opinion filed August 16, 2007








Dismissed
and Memorandum Opinion filed August 16, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00649-CR

____________

 

CARLOS ALBERTO RAMIREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
180th District Court

Harris County, Texas

Trial Court Cause No. 1088733

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered a guilty plea to aggravated assault of a family member.  Appellant and
the State agreed that appellant=s punishment would not exceed confinement in prison for more
than fifteen years.  In accordance with the terms of this agreement with the
State, the trial court sentenced appellant on June 15, 2007, to confinement for
fifteen years in the Institutional Division of the Texas Department of Criminal
Justice.  Appellant filed a timely, written notice of appeal.  








We must
dismiss for lack of jurisdiction over the appeal.  See Tex. R. App. P. 25.2(a)(2).  An
agreement that places a cap on punishment is a plea bargain for purposes of
Texas Rule of Appellate Procedure 25.2(a)(2).  Shankle v. State, 119
S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may include
a recommended Acap@ on sentencing); see also Waters v. State, 124 S.W.3d 825, 826-27
(Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with ten-year sentencing cap, even
though trial judge mistakenly certified defendant had a right of appeal);  Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.CHouston [1st Dist.] 2003, no. pet.)
(holding statement in record indicating that there was no agreed recommendation
did not convert proceeding into an open plea where plea was entered pursuant to
agreed sentencing cap).

The
trial court entered a certification of the defendant=s right to appeal in which the court
certified that this is a plea bargain case, and the defendant has no right of
appeal.  See Tex. R. App. P. 25.2(a)(2). 
The trial court=s certification is included in the record on appeal.  See
Tex. R. App. P. 25.2(d).  The
record supports the trial court=s certification.  See Dears v. State, 154 S.W.3d 610,
615 (Tex. Crim. App. 2005).

Accordingly,
we dismiss the appeal.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed August
16, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.

Do Not Publish C Tex. R. App. P.
47.2(b).