Dismissed and Memorandum Opinion filed January 14, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-01060-CR

____________

 

DELFINO RUBEN MORALES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1201106

 



 

M E M O R
A N D U M   O P I N I O N

Appellant entered a plea of guilty to murder. Appellant and
the State agreed that appellant=s punishment would not exceed confinement in prison for more
than thirty-five years. In accordance with the terms of this agreement with the
State, the trial court sentenced appellant on November 5, 2009, to confinement
for twenty-five years in the Institutional Division of the Texas Department of
Criminal Justice. Appellant filed a timely, written notice of appeal. We
dismiss the appeal.  

We lack jurisdiction over this attempted appeal from a plea
bargain. See Tex.
R. App. P. 25.2(a)(2) (stating
defendant in plea-bargain case may appeal only matters raised by a written
pre-trial motion or with the trial court=s permission). An agreement that
places a cap on punishment is a plea bargain for purposes of Texas Rule of
Appellate Procedure 25.2(a)(2). See Shankle v. State, 119 S.W.3d 808,
813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for
recommendations to the court on sentences, including a recommended Acap@ on sentencing); Waters v. State,
124 S.W.3d 825, 826-27 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years).

The trial court entered a certification of the defendant’s
right to appeal in which the court certified that this is a plea bargain case,
the defendant has no right of appeal, and the defendant waived any right to
appeal. See Tex. R. App. P. 25.2(a)(2)
(requiring the trial court to enter a certification of the defendant’s right of
appeal). The trial court’s certification is included in the record on appeal. See
Tex. R. App. P. 25.2(d). The
record supports the trial court’s certification. See Dears v. State, 154
S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeal. See Tex. R. App.
P. 25.2(d) (requiring dismissal of the appeal where there is no certification
showing the defendant has the right to appeal). 

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Christopher.

Do Not Publish C Tex. R. App. P.
47.2(b).