Dismissed and Memorandum Opinion filed April 22, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-01039-CR

NO. 14-10-00148-CR

____________

 

RICKY FRANK McVICKERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause Nos. 1108921 &
1231761

 



 

MEMORANDUM
OPINION

On November 20, 2009, appellant Ricky Frank McVickers filed a
pro se notice of appeal in cause number 1108921, and the appeal was assigned to
this court under number 14-09-01039-CR. According to the clerk’s record, cause
number 1108921 was dismissed on September 17, 2009, and appellant was
re-indicted under cause number 1231761. On March 12, 2010, appellant filed a
motion to dismiss the appeal in cause number 1108921, or alternatively, to
transfer that appeal to a new cause number. Because we have already been
assigned a second appeal with the new trial court number, we grant the motion
to dismiss the appeal in cause number 1108921.

Appellant entered a guilty plea to murder in cause number
1231761. Appellant and the State agreed that appellant=s punishment would not exceed
confinement in prison for more than thirty-five years. In accordance with the
terms of this agreement with the State, the trial court sentenced appellant on
November 18, 2009, to confinement for thirty-five years in the Institutional
Division of the Texas Department of Criminal. 

Appellant filed an amended notice of appeal stating his desire
to appeal cause number 1223176, and the second appeal was assigned to this
court under number 14-10-00148-CR. The trial court entered a certification of
the defendant’s right to appeal cause number 1231761 in which the court
certified that this is a plea bargain case, and the defendant has no right of
appeal. See Tex. R. App. P. 25.2(a)(2).
The trial court’s certification is included in the record on appeal. See
Tex. R. App. P. 25.2(d). 

The clerk’s record filed February 17, 2009, supports the
trial court’s certification. See Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005). An agreement that places a cap on punishment is a plea
bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). Waters
v. State, 124 S.W.3d 825, 826-27 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even though trial judge mistakenly certified defendant had right of appeal); Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.CHouston [1st Dist.] 2003, no. pet.)
(holding statement in record indicating that there was no agreed recommendation
did not convert proceeding into an open plea where plea was entered pursuant to
agreed sentencing cap); see also Shankle v. State, 119 S.W.3d 808, 813
(Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations
to the court on sentences, including a recommended “cap@” on sentencing). Therefore, we are
without jurisdiction over this appeal. 

The clerk’s record in cause number 1231761 also contains a
second certification of the defendant’s right of appeal signed December 3,
2009, by a different trial judge and bearing cause number 1108921, the
dismissed case. This certification states that this “is a plea-bargain case,
but matters were raised by written motion filed and ruled on before trial, and
not withdrawn or waived, and the defendant has the right of appeal.” The record
does not contain any rulings on pre-trial motions, however. On March 18, 2010,
the court sent a notice to appellant’s counsel advising him that the appeal in
cause number 1231761 would be dismissed unless a response was filed within ten
days demonstrating that appellant has the right to appeal. No response was
filed.

Accordingly, the appeals are ordered dismissed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Christopher.

Do Not Publish — Tex. R. App.
P. 47.2(b).