Dismissed and Memorandum Opinion filed August 31, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00748-CR

____________

 

TROY WAYNE BUSE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1225102

 



 

MEMORANDUM
OPINION

Appellant entered a plea of guilty to burglary with intent to
commit a felony. Appellant and the State agreed that appellant’s punishment
would not exceed confinement in prison for more than twenty-five years.  In
accordance with the terms of this agreement with the State, the trial court
sentenced appellant on April 27, 2010, to confinement for twenty years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant
filed a pro se motion for new trial on May 10, 2010.  Appellant’s pro se notice
of appeal was not filed until August 4, 2010.  We dismiss the appeal.  

A defendant’s notice of appeal must be filed within ninety
days after sentence is imposed when the defendant has filed a timely motion for
new trial.  See Tex. R. App. P. 26.2(a)(2). 
A notice of appeal which complies with the requirements of Rule 26 is essential
to vest the court of appeals with jurisdiction.  Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected,
a court of appeals does not obtain jurisdiction to address the merits of the
appeal.  Under those circumstances it can take no action other than to dismiss
the appeal.  Id.

Although the trial court mistakenly entered a certification
of the defendant’s right to appeal in which the court certified that this is
not a plea bargain case and the defendant has the right of appeal, we have no
jurisdiction over the appeal.  See Tex. R. App. P. 25.2(a)(2).  Appellant’s notice of appeal was not filed
timely.  In addition, an agreement that places a cap on punishment is a plea
bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2).  See Waters
v. State, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even though trial judge mistakenly certified defendant had right of appeal); Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no.
pet.) (holding statement in record indicating that there was no agreed
recommendation did not convert proceeding into an open plea where plea was
entered pursuant to agreed sentencing cap); see also Shankle v. State,
119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be
for recommendations to the court on sentences, including a recommended “cap” on
sentencing). 

Because appellant’s plea was made pursuant to a plea bargain,
he may appeal only matters raised by a written pre-trial motion or with the
trial court’s permission.  See Tex. R. App. P. 25.2(a)(2).  The record does not
contain any pre-trial rulings from which appellant may appeal.  The trial court’s
erroneous certification that the case is not a plea bargain case does not
constitute permission to appeal.  See Waters, 124 S.W.3d at 826–27.

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).