Dismissed and Memorandum Opinion filed December 16, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01165-CR

____________

 

CARLOS ALBERTO RESENDIZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1204923

 



 

MEMORANDUM
OPINION

Appellant entered a plea of guilty to aggravated assault on a
family member.  Appellant and the State agreed that appellant’s punishment
would not exceed confinement in prison for more than fifteen years.  In
accordance with the terms of this agreement with the State, the trial court
sentenced appellant on October 14, 2010, to confinement for twelve years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant
filed a timely, written notice of appeal.  We dismiss the appeal.  

The trial court entered a certification of the defendant’s
right to appeal in which the court certified that this is a plea bargain case
and the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  An agreement that places a cap on punishment is
a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2).  Waters
v. State, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref=d) (holding reviewing court lacked
jurisdiction where defendant pled guilty with a sentencing cap of ten years,
even though trial judge mistakenly certified defendant had right of appeal); Threadgill
v. State, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no.
pet.) (holding statement in record indicating that there was no agreed
recommendation did not convert proceeding into an open plea where plea was
entered pursuant to agreed sentencing cap); see also Shankle v. State,
119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be
for recommendations to the court on sentences, including a recommended “cap” on
sentencing).  

The trial court’s certification is included in the record on
appeal.  See Tex. R. App. P. 25.2(d).  The record supports the
trial court’s certification.  See Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005).  

            Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).