**Order filed July 12, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00966-CR

**ROBERT MURILLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1269679**

## O R D E R

The record reflects appellant entered a plea of guilty to aggravated robbery pursuant to an agreement with the State that appellant's punishment would not exceed confinement in prison for more than fifteen (15) years. The trial court sentenced appellant to confinement for seven (7) years in the Institutional Division of the Texas Department of Criminal Justice.

The trial court entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). However, an agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *see also Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations to the court on sentences, including a recommended "cap" on sentencing).

If, as the record suggests, appellant's plea was made pursuant to a plea bargain, he may appeal only matters raised by a written pre-trial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). The record does not contain any pre-trial rulings adverse to appellant. Moreover, a trial court's erroneous certification that the case is not a plea bargain case does not constitute permission to appeal. *See Waters*, 124 S.W.3d at 826–27.

Accordingly, we order the parties to file a response on or before **July 30, 2012**, showing meritorious grounds for continuing the appeal or the court on its own motion will consider dismissal of the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Justices Frost, McCally and Busby.

2