**Dismissed and Memorandum Opinion filed August 9, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00966-CR

---

**ROBERT MURILLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1269679**

---

## MEMORANDUM OPINION

Appellant entered a plea of guilty to aggravated robbery. Appellant and the State agreed that appellant's punishment would not exceed confinement in prison for more than fifteen (15) years. In accordance with the terms of this agreement with the State, the trial

court sentenced appellant on August 11, 2011, to confinement for seven (7) years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely, written notice of appeal. We dismiss the appeal.

Although the trial court mistakenly entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal, we have no jurisdiction over the appeal. *See* Tex. R. App. P. 25.2(a)(2). An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *see also Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations to the court on sentences, including a recommended "cap" on sentencing).

Because appellant's plea was made pursuant to a plea bargain,[1] he may appeal only matters raised by a written pre-trial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). The record does not contain any adverse pre-trial rulings. The trial court's erroneous certification that the case is not a plea bargain case does not constitute permission to appeal. *See Waters*, 124 S.W.3d at 826–27.

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices Frost, McCally and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] The parties were ordered to file a response showing meritorious grounds for continuing the appeal or the appeal would be dismissed. No response was filed.