COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Wilmer Ruiz Amador v. The State of Texas

Appellate case number:   01-12-00337-CR

Trial court case number: 1255221

Trial court:             338th District Court of Harris County, Texas

The certification completed by the trial court in this case indicates that "the defendant has waived the right of appeal." This certification is not supported by the record presently before this Court. In addition, the trial court signed an order appointing the Harris County Public Defender's Office (HCPD) to represent appellant on appeal, but no attorney has made an appearance in this appeal on behalf of appellant, and the HCPD has no record of having been appointed to this case.

We therefore abate this appeal and remove it from this Court's active docket.

The trial court is directed to obtain from the HCPD the name of a lawyer to be assigned to this case and to execute a written order containing the name, bar card number, and SPN number of the assigned lawyer.

Thereafter, we direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and the assigned lawyer from the HCPD shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to make written findings, contained in a separate written document and not a docket sheet, regarding whether the State recommended a twenty-year cap on confinement and whether appellant agreed to the recommendation. *See Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (an agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

25.2(a)(2)).  The trial court is also directed to execute an amended certification of the right to appeal consistent with the trial court's findings.  The certification must be signed by the judge, appellant, and appellant's counsel.

The trial court shall have a court reporter record the hearing, and a reporter's record of the hearing shall be filed in this court **within 30 days of the date of this order**.  A supplemental clerk's record containing the trial court's findings, the order containing the information of the assigned HCPD lawyer, and an amended certification shall be filed with the Clerk of this Court **within 30 days of the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the abatement hearing are filed in this Court.  **The court coordinator of the trial court shall set a hearing date and notify the parties of such date.**

It is so ORDERED.


Judge's signature:/s/ Justice Michael Massengale
☑  Acting individually     ☐  Acting for the Court


Date:  September 18, 2012