COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Stephen Hubbard v. The State of Texas

Appellate case number:    01-12-00480-CR

Trial court case number:  1334845

Trial court:              262nd District Court of Harris County

The trial court's certification of appellant's right to appeal appears to be inconsistent with the record. According to the clerk's record, appellant pleaded guilty to the offense of manslaughter, pursuant to an agreement with the State that the sentence be capped at 12 years. In accordance with the agreement, the trial court sentenced appellant to confinement for 6 years. A plea agreement that a sentence be "capped" constitutes a plea bargain. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating that sentence-bargaining includes recommended "cap" on sentencing); *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (stating that conviction based on agreement that caps punishment is subject to restrictions on appeal in Rule 25.2(a)(2)). The certification of appellant's right to appeal indicates, however, that this is not a plea bargain case and that appellant has the right of appeal.

Unless a certification that is consistent with the record and that shows that the appellant has the right to appeal has been made part of the record, we must dismiss the appeal. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Waters*, 124 S.W.3d at 826–27 (holding that reviewing court lacked jurisdiction where defendant pled guilty with sentencing cap, even though trial court certified defendant had right of appeal). The rules provide that a certification may be amended to correct a defect or omission. *See* TEX. R. APP. P. 37.1; *Dears*, 154 S.W.3d at 614–15.

Accordingly, we direct the trial court to prepare and file an amended certification of appellant's right to appeal that is consistent with the record. The certification must comply with Rule 25.2(d), including that it be signed by the defendant. *See* TEX. R. APP. P. 25.2(d). We further direct the trial court to order the district clerk to include the trial court's certification in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(c). The supplemental record shall be filed in this Court **no later than 20 days from the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
        ☑ Acting individually    ☐ Acting for the Court


Date: March 7, 2013