In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00059-CR**
_____

**RODNEY DWAYNE CLEVELAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 94049**

**ORDER**

Appellant Rodney Dwayne Cleveland filed a motion for rehearing of our opinion of March 6, 2013. The opinion dismissed Cleveland's appeal because the trial court entered a certification of Cleveland's right to appeal, certifying that this is a plea-bargain case and that Cleveland has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The Court requested a response from the State. In its response, the State indicates that Cleveland's appeal involved revocation of community

1

supervision, which is not a plea bargain case, and the State also explains that "there is no indication that the defendant waived his right of appeal." Upon reviewing the newly-filed clerk's record, we agree with the State.

For these reasons, we grant Cleveland's motion for rehearing, set aside our opinion of March 6, 2013, and reinstate Cleveland's appeal. *See Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005) (An appellate court has the ability to examine a certification for defectiveness.); *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (Recitations in a certification of the right to appeal must be true and supported by the record.). The reporter's record is due June 3, 2013.

ORDER ENTERED MAY 2, 2013.

PER CURIAM

Before McKeithen, C.J., Gaultney and Horton, JJ.