**Dismissed and Memorandum Opinion filed November 14, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00425-CR

---

## MARCO A. GUTIERREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 174th District Court
### Harris County, Texas
### Trial Court Cause No. 1296046

---

### M E M O R A N D U M     O P I N I O N

Appellant was indicted for capital murder. Pursuant to a charge bargain, the State agreed to reduce the charge in exchange for appellant's guilty plea to murder. After reviewing a presentence investigation report and holding a sentencing hearing, the trial court sentenced appellant to life in prison. Appellant filed a timely notice of appeal. We dismiss the appeal.

Although the trial court mistakenly entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the

defendant has the right of appeal, we have no jurisdiction over the appeal. *See* Tex. R. App. P. 25.2(a)(2). Because this is a charge-bargain case, appellant has the right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2), only:(A) those matters that were raised by written motion filed and ruled on before trial, or (B) after receiving the trial court's permission to appeal. *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009); *see also Shankle v. State*, 119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003) (holding that charge bargain that "effectively puts a cap on punishment" is a bargain governed by rule of appellate procedure 25.2(a)(2)). The record does not reflect the trial court's permission to appeal. Moreover, appellant filed a brief on August 21, 2013, in which he does not challenge matters raised by written motion filed and ruled on before trial.

On October 4, 2013, the State filed a motion to abate the appeal to obtain a correct certification of appellant's right to appeal. On October 9, 2013, this court sent notice to the trial court requesting a corrected certification of appellant's right to appeal. No corrected certification has been filed. Despite the incorrect certification, we have no jurisdiction of appellant's appeal. *See Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pled guilty with a sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal).

Accordingly, we dismiss the appeal. The State's motion to abate the appeal is denied as moot.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Brown.
Do Not Publish — Tᴇx. R. Aᴘᴘ. P. 47.2(b)

2