**Dismissed and Memorandum Opinion filed September 16, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00553-CR
## NO. 14-14-00554-CR

---

### CHRISTOPHER LEE WATSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1391340 & 1391342**

---

## M E M O R A N D U M   O P I N I O N

In these appeals, appellant entered guilty pleas to two charges of compelling prostitution by a minor. In both cases, appellant and the State agreed that appellant's punishment would not exceed confinement in prison for more than forty years. In accordance with the terms of this agreement with the State, the trial court sentenced appellant in each case on July 2, 2014, to confinement for thirty years in the Institutional Division of the Texas Department of Criminal Justice,

with the sentences to be served concurrently. Appellant filed a timely, written notice of appeal of both cases. We dismiss the appeals.

In each case, the trial court entered a certification of the defendant's right to appeal in which the court certified that each is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pled guilty with a sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no. pet.) (holding statement in record indicating that there was no agreed recommendation did not convert proceeding into an open plea where plea was entered pursuant to agreed sentencing cap); *see also Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations to the court on sentences, including a recommended "cap" on sentencing).

The trial court's certifications are included in the supplemental records on appeal. *See* Tex. R. App. P. 25.2(d). The records support the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Accordingly, we dismiss the appeals.

PER CURIAM

Panel consists of Justices McCally, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

2