**Dismissed and Memorandum Opinion filed August 31, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00165-CR
### NO. 14-15-00166-CR

**JUSTIN RENE MAES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause Nos. 1409059 and 1409060**

## M E M O R A N D U M    O P I N I O N

Appellant was indicted for two counts of aggravated robbery with a deadly weapon. Pursuant to a charge bargain, the State agreed not file additional charges for seven incidents in exchange for appellant's plea of guilty in both of these cases. In each case, the trial court sentenced appellant to twelve years in prison. The sentences were ordered to run concurrently. Appellant filed a notice of appeal. We dismiss both appeals.

A charge-bargain, like that entered into by the appellant and the State in these cases, where the defendant agrees to plead guilty in exchange for the prosecutor refraining from bringing another charge, is a plea-bargain under Texas Rule of Appellate Procedure 25.2. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). Because this is a charge-bargain case, under Texas Rule of Appellate Procedure 25.2(a)(2) appellant has the right to appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after receiving the trial court's permission to appeal. *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009); *see also Shankle*, 119 S.W.3d at 812–13 (holding that charge bargain that "effectively puts a cap on punishment" is a bargain governed by rule of appellate procedure 25.2(a)(2)). The record does not reflect the trial court's permission to appeal or any pretrial motions that could be appealed.

Although the trial court mistakenly entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal, we have no jurisdiction over the appeal.[1] *See* Tex. R. App. P. 25.2(a)(2). *See Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [ 14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pled guilty with a sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal).

Accordingly, we dismiss the appeal.


PER CURIAM

---

[1] On April 8, 2015, we first requested the trial court to enter a corrected certification of the defendant's right to appeal. Since that date, two more requests have been made. As of this date, no corrected certification has been filed.

Panel consists of Justices Christopher, Brown and Wise.

Do Not Publish – Tex. R. App. P. 47.2(b).