**Motion Granted, Appeal Dismissed and Memorandum Opinion filed December 8, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00251-CR

---

**DEREK  JAMES  STRIMBAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Cause No. 1962516**

---

## M E M O R A N D U M    O P I N I O N

After a trial by jury began, appellant entered a plea of guilty to misdemeanor driving while intoxicated. Appellant and the State agreed that appellant's punishment would not exceed confinement in state jail for more than 180 days, suspended for a period of one year, and a fine of $1,000.00.  In accordance with the terms of this agreement with the State, on December 15, 2014, the trial court sentenced appellant to confinement for 180 days in state jail, suspended the

sentence, and imposed a fine of $1,000.00. Appellant filed a timely, written notice of appeal. On November 12, 2015, the State filed a motion to dismiss the appeal for lack of jurisdiction. We grant the motion.

An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pleaded guilty with a sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no. pet.) (holding statement in record indicating that there was no agreed recommendation did not convert proceeding into an open plea where plea was entered pursuant to agreed sentencing cap); *see also Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations to the court on sentences, including a recommended "cap" on sentencing).

Because appellant's plea was made pursuant to a plea bargain, he may appeal only matters raised by a written pre-trial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). Appellant complains that the trial court improperly denied his motion to suppress. However, appellant did not file a written motion to suppress. Instead, he made the motion orally during trial, before he pleaded guilty.

The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case but "matters were raised by oral motion and ruled on before trial," and the defendant has the right of appeal. That certification is mistaken. The plain language of Rule 25.2(a)(2)(A) allows the appeal of only written motions filed and ruled on before trial. An oral motion is not

2

sufficient. *See Hernandez v. State*, No. 01-13-01086-CR, 2014 WL 4219477, *1 n.3 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, no pet.) (mem. op.) (not designated for publication) (although denied by the trial court, appellant's oral request to withdraw his plea during sentencing hearing was not "a matter raised by written motion and ruled on before trial"); *cf. Laun v. State*, No. 02-11-00362-CR, 2012 WL 4010459, *2 (Tex. App.—Fort Worth Sept. 13, 2012, no pet.) (mem. op.) (not designated for publication) (defendant had right to appeal denial of motion to suppress because, although motion to suppress was originally made orally, defendant memorialized his motion in writing before trial).

Appellant did not raise any matter by written motion that was filed and ruled on before trial. In addition, the trial court did not check the separate box on the certification form giving appellant permission to appeal. Tex. R. App. P. 25.2(a)(2). Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices Boyce, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).