**Dismissed and Memorandum Opinion filed October 2, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00552-CR
NO. 14-18-00553-CR

**DANIEL HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1514852 & 1514853**

## MEMORANDUM OPINION

Appellant was indicted for two counts of indecency with a child by contact. Pursuant to a charge bargain, the State agreed to reduce the charges in exchange for appellant's guilty pleas to two counts of indecency with a child by exposure. The trial court placed appellant on deferred-adjudication community supervision for eight years in each case with the sentences to run concurrently. We dismiss the appeals.

Because this is a charge-bargain case, appellant has the right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2) only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after receiving the trial court's permission to appeal. *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009); *see also Shankle v. State*, 119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003) (holding that charge bargain that "effectively puts a cap on punishment" is a bargain governed by rule of appellate procedure 25.2(a)(2)). The record does not reflect the trial court's permission to appeal or any pretrial motions that could be appealed.

In cause number 14-18-00553-CR, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea-bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

In cause number 14-18-00552-CR. the trial court erroneously entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal.On August 10, 2018, this court sent notice to the trial court requesting a corrected certification of appellant's right to appeal in cause number 14-18-00552-CR. No corrected certification has been filed.

Despite the incorrect certification, we do not have jurisdiction of appellant's appeal. *See Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pled guilty with a sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal).

Accordingly, we dismiss both appeals.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).