**DISMISS and Opinion Filed July 1, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00339-CR

**GARY DON JENNINGS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-00545-P**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

Gary Don Jennings appeals his conviction for driving while intoxicated, third offense. After he pleaded guilty to the offense and true to the enhancement paragraph, the trial court found appellant guilty and the enhancement paragraph true, and sentenced him to ten years in prison, probated for six years. The trial court then certified this was a plea-bargain case and appellant had no right of appeal. Appellant filed a motion for new trial and a notice of appeal.

After reviewing the notice of appeal and documents filed along with the notice, the Court sent the parties a letter, questioning the Court's jurisdiction over the appeal. Appellate counsel responded, stating appellant had "no dispute regarding

how the trial court's certification indicates that the case is a plea bargain case and that Appellant 'has NO right to appeal.'" The State also filed a response, agreeing that appellant waived his right to appeal.

Rule 25.2 governs the perfection of appeals in criminal cases and requires that the trial court certify an appellant's right to appeal. TEX. R. APP. P. 25.2(a)(2). Rule 25.2 also requires the recitations in a certification to be true and supported by the record. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (certification not supported by record is defective); *Carender v. State*, 155 S.W.3d 929, 930–31 (Tex. App.—Dallas 2005, no pet.); *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

There are two basic kinds of plea bargains that affect punishment: (1) sentence bargaining and (2) charge bargaining. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Sentence bargaining may be for binding or nonbinding recommendations to the court on sentences, including a recommended "cap" on sentences or recommendation for probation. *Id*. Sentence bargaining affects punishment and constitutes a plea bargain agreement under appellate rule 25.2. *Id*.

In this case, appellant signed a written plea bargain agreement in which the State agreed to a term of ten years, probated for six years in exchange for, among other things, appellant pleading guilty and waiving his right to appeal. The plea bargain agreement is signed by appellant, his appointed counsel, the representative for the State, and the trial court. The trial court followed the plea bargain agreement

and sentenced appellant to ten years in prison, probated for six years. The trial court certification reflects the terms of the plea bargain agreement by stating appellant waived his right to appeal.

Under these circumstances, we have no other alternative than to dismiss this appeal.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210339F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

GARY DON JENNINGS, Appellant

No. 05-21-00339-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-00545-P. Opinion delivered by Justice Schenck. Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered July 1, 2021