**DISMISSED and Opinion Filed June 12, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-00769-CR**
_____

**CEDRIC DERANE SHAW, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-21-76289-V**

# MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Goldstein

Cedric Derane Shaw appeals his aggravated assault conviction. Appellant pled guilty and, pursuant to the terms of a plea bargain agreement, the trial court found appellant guilty and sentenced him to eight years' confinement. In a single issue, appellant argues the trial court should have sua sponte withdrawn his guilty plea. In a single issue, the State asks this Court to reform the trial court's judgment

to correctly reflect the terms of the plea bargain.[1]  We dismiss this appeal for lack of jurisdiction.

In November 2021, appellant was charged by indictment with aggravated robbery.  The indictment alleged that appellant, while in the course of committing theft of property and with intent to obtain or maintain control of said property, caused serious bodily injury to complainant, by stomping complainant's head into the floor.

On the day of trial, June 27, 2022, appellant entered into a plea agreement with the State whereby the charged offense of aggravated robbery was reduced to aggravated assault, appellant pled guilty, and the plea remained open as to the availability of deferred probation and the "State capping prison time at 10 yrs."  At trial, appellant testified he understood the trial court's statement that the case involved an "open plea" in that the court had "the full range of punishment between probation and 10 years available" in sentencing him.  In response to questioning from the trial court, appellant said he pled guilty freely and voluntarily, and the trial court entered appellant's judicial confession into evidence.  Following the presentation of evidence, the trial court found appellant guilty and sentenced him to eight years' confinement.  Appellant filed a motion for new trial challenging the

---

[1] In its prayer, the State asks this Court to dismiss this appeal for want of jurisdiction.  Alternatively, the State asks this Court to overrule appellant's issue and affirm the trial court's judgment as modified.  The State does not ask that we both reform the trial court's judgment and dismiss for lack of jurisdiction.  Thus, because we dismiss for lack of jurisdiction, we do not address the State's cross-point.

sufficiency of the evidence without specificity, which was overruled by operation of law. This appeal followed.

In a single issue, appellant argues the trial court should have sua sponte withdrawn his guilty plea. In response, the State contends this case should be dismissed for lack of jurisdiction because appellant pled guilty pursuant to a plea bargain agreement.

An agreement between the defendant and the State to cap punishment constitutes a plea bargain agreement. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). In a plea bargain case, i.e., one in which the defendant's plea is guilty or nolo contendere and the punishment does not exceed that recommended by the prosecutor and agreed to by the defendant, a defendant may appeal only: (a) those matters that were raised by written motion filed and ruled on before trial; or (b) after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2).[2] A conviction based on an agreement that puts a "cap" on the punishment for the charged offense is subject to the restrictions on appeal under Rule 25.2(a)(2). *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

---

[2] Specifically, in a plea bargain case, the defendant may appeal only (A) those matters that were raised by written motion filed and ruled on before trial; (2) after getting the trial court's permission to appeal; or (3) where the specific appeal is expressly authorized by statute. *See* TEX. R. APP. P. 25.2 (a)(2).

–3–

In this case, appellant signed a plea agreement reflecting his guilty plea, a reduction in the charge against him from aggravated robbery to aggravated assault, and a "cap" of ten years' confinement. However, on the form for the trial court's certification of appellant's right to appeal: (1) none of the boxes is checked that reflect a plea-bargain (including the one stating that the trial court has given permission to appeal) or waiver of appeal; instead, (2) the box is checked that indicates this was not a plea-bargain case and that appellant had the right to appeal. Addressing this specific certification situation, the court in *Waters* concluded that, despite the trial court's certification, the Rule 25.2 requirements recited in a certification must be true and supported by the record. *Id.* The court determined that, because appellant entered a plea bargain, she could appeal only (1) matters raised by written motion filed and ruled on before trial or (2) with the trial court's permission. *See* TEX. R. APP. P. 25.2(a)(2); *Waters*, 124 S.W.3d at 826.

The record before us is conflicting. While the trial court orally acknowledged appellant's right to appeal, the written record does not comply with the statutory requirements. The plea bargain agreement provides that, "if the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless the Court grants permission for the appeal or the matters appealed were raised by written motions filed and ruled on before the plea." The waiver of right to appeal is not checked in that same agreement, but appellant acknowledged, approved, and agreed to all waivers. The

trial court's certification does not reflect that appellant had the trial court's consent or permission to appeal, and the Rule 25.2 requirements recited in a certification must be true and supported by the record. Here they are not.[3] As appellant's brief indicates that he does not seek to appeal a matter raised by written motion filed and ruled upon before trial, and the trial court failed to amend the certification, we have no jurisdiction over an appeal of his conviction. *See* TEX. R. APP. P. 25.2(a)(2); *Waters*, 124 S.W.3d at 827.

We dismiss this appeal for want of jurisdiction.

/Bonnie Lee Goldstein/
_____
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220769F.U05

---

[3] Appellant sought to amend the trial court's certification of the right to appeal to reflect that, although the parties entered into a plea bargain agreement, the agreement contemplated the right to appeal and the trial court permitted the appeal. By order of November 22, 2022, we denied the motion because this Court is not authorized to amend the trial court's certification and concluded that the certification is defective. We did, however, order the trial court to prepare an amended certification of the right to appeal within thirty days. On January 12, 2023, we were advised that the District Clerk's office had not received the requested document. Without the amended certification, we are constrained to determine we lack jurisdiction over the appeal.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CEDRIC DERANE SHAW,
Appellant

No. 05-22-00769-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-21-76289-V.
Opinion delivered by Justice
Goldstein. Justices Nowell and
Breedlove participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for lack of jurisdiction.


Judgment entered June 12, 2023