**Appeal dismissed and Memorandum Opinion filed September 10, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-24-00569-CR

---

### JERRY NICHOLAS WATTS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1714416**

---

## M E M O R A N D U M    O P I N I O N

Appellant entered a plea of guilty to the charge of murder. Appellant and the State agreed that appellant's punishment would not exceed confinement in prison for more than thirty-five years. In accordance with the terms of this plea bargain agreement with the State, the trial court sentenced appellant to confinement for thirty-five years in the Institutional Division of the Texas Department of Criminal Justice on November 30, 2022.

The trial court entered a certification of the defendant's right to appeal in

which the court certified that this is a plea-bargain case and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pled guilty with a sentencing cap of ten years, even though trial judge mistakenly certified defendant had right of appeal); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no. pet.) (holding statement in record indicating that there was no agreed recommendation did not convert proceeding into an open plea where plea was entered pursuant to agreed sentencing cap).

Because appellant's plea was made pursuant to a plea bargain, he may appeal only matters raised by a written pre-trial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). The record does not contain any adverse pre-trial rulings, and the record does not reflect that the trial court has given permission to appeal any matter.

Moreover, as appellant did not file a timely motion for new trial, appellant's notice of appeal was due December 30, 2022. *See* Tex. R. App. P. 26.2(a)(1).

A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion for extension of time to file notice of appeal). Accounting for a weekend and a holiday, this meant a motion for extension of time had to be filed by January 17, 2023. *See* Tex. R. App. P. 4.1(a).

Appellant filed the underlying notice of appeal on July 30, 2024, a date that is

not within 15 days of the due date.

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is not filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *See id.*

On August 12, 2024, the parties were notified that the appeal was subject to dismissal without further notice unless a party demonstrated that the court has jurisdiction. No response has been received.

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).