**Opinion issued October 11, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

**NO. 01-10-00555-CR**

**NO. 01-10-00556-CR**

———————————————

**STACY SHANE JOHNSTON AKA STACY SHANE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Case Nos. 09-06343 and 09-07573**

---

**MEMORANDUM OPINION**

Stacy Johnston pleaded guilty to the following offenses: (1) unauthorized use of a vehicle, a state-jail felony, in trial cause number 09-06343, *see* TEX. PENAL CODE ANN. § 31.07 (West 2011); and (2) burglary of a habitation, a second-

degree felony, in trial cause number 09-07573, *see* TEX. PENAL CODE ANN. § 30.02 (West 2011).[1] Johnston pleaded guilty to unauthorized use without an agreed recommendation as to punishment, and the trial court sentenced him to two years' confinement. With respect to his plea to the burglary charge, however, Johnston and the State agreed that his punishment would not exceed fifteen years' confinement, and the trial court assessed punishment at fifteen years in accordance with that agreement. The trial court ordered that the sentences run concurrently.

Johnston attempts to appeal both convictions. His court-appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error with respect to either of Johnston's convictions. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). We affirm the trial court's judgment and grant counsel's motion to withdraw.

## Jurisdiction

As a preliminary matter, we must determine our jurisdiction over Johnston's appeal. Texas Rule of Appellate Procedure 25.2(a)(2) provides that in a plea bargain case—"a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant"—a defendant may appeal only those matters that

---

[1] Originally appealed to the Ninth Court of Appeals, these cases were transferred to this Court by order of the Texas Supreme Court.

were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2).

We have jurisdiction to consider Johnston's appeal from his conviction for unauthorized use of a vehicle in cause number 09-06343 because the trial court has certified that the unauthorized-use case is not a plea bargain case and that Johnston has a right to appeal. Johnston's agreement with the State in the burglary case, which places a cap on punishment, however, is a plea bargain for purposes of rule 25.2(a)(2). *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating that sentence-bargaining may be for recommendations to court on sentences, including recommended "cap" on sentencing); *Waters v. State*, 124 S.W.3d 825, 826−27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Consequently, the trial court certified that Johnston has no right to appeal his burglary conviction, and we may only consider matters raised by a written pre-trial motion. *See* TEX. R. APP. P. 25.2(a)(2). The record does not contain any adverse pre-trial rulings. Thus, although we have jurisdiction over Johnston's appeal from his unauthorized-use conviction in cause number 09-06343, we do not have jurisdiction over the appeal from his burglary conviction in cause number 09-07573, and we dismiss that part of Johnston's appeal for want of jurisdiction.

## Discussion

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If a court-appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id.* at 407. His obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well founded. *Id.* We may not grant the motion to withdraw until:

(1) counsel has sent a copy of his *Anders* brief to the appellant, along with a letter explaining that an appellant has the right to file a *pro se* brief within thirty days, and he has assured that the appellant has, at some point, been informed of his right to file a *pro se* petition for discretionary review;

(2) counsel has informed the Court that he performed the above duties;

(3) the appellant has had time in which to file a *pro se* response; and

(4) we have reviewed the record, the *Anders* brief, and any *pro se* brief.

*See id.* at 408−09. If we agree that the appeal is wholly frivolous, we will grant counsel's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). If we conclude that arguable grounds for appeal exist, however, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits. *See Bledsoe v. State*, 178 S.W.3d 824, 826−27 (Tex. Crim. App. 2005).

4

Here, the record reflects that counsel sent a copy of the brief to Johnston and informed him of his right to examine the appellate record and to file a response. *See Schulman*, 252 S.W.3d at 408. Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel discusses the evidence, supplies us with references to the record, and provides us with citation to legal authorities. Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his *pro se* response, Johnston argues that (1) double jeopardy bars his conviction, (2) he received the ineffective assistance of counsel at sentencing, and (3) the trial court erred by admitting extraneous-offense and other unfairly prejudicial evidence.

We have independently reviewed the entire record, and we conclude that no reversible error exists in appellate cause number 01-10-00555-CR, that there are no arguable grounds for review in appellate cause number 01-10-00555-CR, and that therefore the appeal in appellate cause number 01-10-00555-CR is frivolous. *See Schulman*, 252 S.W.3d at 407 n.12 (explaining that appeal is frivolous when it does not present any argument that could "conceivably persuade the court"); *Bledsoe*,

5

178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous). Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We grant counsel's motion to withdraw[2] and affirm the trial court's judgment in cause number 09-06343. Attorney Thomas J. Burbank must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Massengale and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Counsel still has a duty to inform Johnston of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).