**Opinion issued November 8, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————

## NO. 01-12-00337-CR

————————

**WILMER RUIZ AMADOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1255221**

---

## MEMORANDUM OPINION

Appellant, Wilmer Ruiz Amador, pleaded guilty to the offense of murder. Appellant entered into a plea bargain with the State that capped the sentence that the trial court could assess as punishment. The plea papers signed by appellant, his attorney, the State's attorney, and the trial court show that appellant pleaded guilty and agreed that punishment would not exceed 20 years' confinement. The trial

court found appellant guilty and assessed punishment at 20 years' confinement, a punishment that fell within the agreed cap.

The trial court is required to prepare a certification of appellant's right to appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). We must dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made a part of the record. TEX. R. APP. P. 25.2(d). The trial court initially certified that appellant "has waived the right of appeal." After reviewing the record, we found that the record did not show an independent waiver of the right to appeal, but the record reflected that appellant entered a guilty plea in exchange for an agreement that punishment would not exceed 20 years' confinement. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). This type of agreement, which places a cap on punishment, is a plea bargain for purposes of rule 25.2(a)(2). *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating that sentence-bargaining may be for recommendations to court on sentences, including recommended "cap" on sentencing); *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (a conviction based on an agreement that puts a "cap" on the punishment for the charged offense is subject to the restrictions on appeal under Rule 25.2(a)(2)).

We abated the appeal and ordered the trial court to make findings regarding the plea agreement and to correct the certification. We have received the trial court's amended certification that states that this is a plea-bargain case and the defendant has no right of appeal.[1] *See* TEX. R. APP. P. 25.2(a)(2).

The record supports the trial court's certification. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

---

[1] Rule 25.2(d) provides the "[t]he certification shall include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a pro se petition for discretionary review. This notification shall be signed by the defendant, with a copy given to him." Although appellant signed the original certification stating that he had waived his right to appeal, instead of signing the amended certification, appellant initialed this hand-written statement on the certification: "I refuse to sign this document, after it has been explained." Appellant's refusal to sign the certification does not prevent us from relying upon it. *See, e.g., Mathis v. State*, No. 14-11-01058-CR, 2012 WL 424879, at *1-2 (Tex. App.—Houston [14th Dist.] Feb. 9, 2012, no pet.) (appellant's refusal to sign certification does not prevent appellate court from moving forward on certification that is supported by the record); *Mays v. State*, No. 02-07-00259-CR, 2008 WL 2930536, at *2 (Tex. App.—Fort Worth July 31, 2008, no pet.) (where appellant was present for abatement hearing, certification was read to him, and refusal to sign was noted, requirement that appellant sign certification was substantially complied with); *Jones v. State*, No. 09-07-00465-CR, 2007 WL 3306640, at *1 (Tex. App.—Beaumont Nov. 7, 2007, no pet.) (treating statement on certifications that appellant refused to sign them as tantamount to a signature for purposes of Rule 25.2(d)).

A supplemental clerk's record and hearing record complying with our order of abatement have been filed with this Court. Accordingly, we order the appeal reinstated. We dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).