**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      Michael Allen Seaton v. The State of Texas

Appellate case number:    01-15-00722-CR

Trial court case number:  1448336

Trial court:              351st District Court of Harris County

The certification in this case is inconsistent with the record. According to the clerk's record, appellant pleaded guilty to the offense of injury to a child, pursuant to an agreement with the State that the sentence be capped at 50 years. In accordance with the agreement, the trial court sentenced appellant to confinement for 50 years. A plea agreement that a sentence be "capped" constitutes a plea bargain. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating that sentence-bargaining includes recommended "cap" on sentencing); *Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (stating that conviction based on agreement that caps punishment is subject to restrictions on appeal in Rule 25.2(a)(2)). The certification of appellant's right to appeal indicates, however, that this is not a plea bargain case and that appellant has the right of appeal.

A certification is "defective" if it is correct in form, but inaccurate when compared with the record. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). Unless a certification that is consistent with the record and that shows that the appellant has the right to appeal has been made part of the record, we must dismiss the appeal. *See* TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613; *Waters*, 124 S.W.3d at 826–27 (holding that reviewing court lacked jurisdiction where defendant pled guilty with sentencing cap, even though trial court certified defendant had right of appeal). The rules provide that a certification may be amended to correct a defect or omission. *See* TEX. R. APP. P. 37.1; *Dears*, 154 S.W.3d at 614–15.

Accordingly, we direct the trial court to prepare and file an amended certification of appellant's right to appeal that is consistent with the record and complies with Rule 25.2(d), including that the certification be signed by the defendant. *See* TEX. R. APP. P. 25.2(d). We further direct the trial court to order the district clerk to include the trial court's certification in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(c). The supplemental record shall be filed in this Court **no later than 20 days from the date of this order.**

It is so ORDERED.

Judge's signature: _/s/ Rebeca Huddle

&#8864; Acting individually

Date:  February 25, 2016